Slip Op. 07 - 165

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - - - - -x
GERDAU AMERISTEEL U.S. INC. *et al.*,    :

                          Plaintiffs, :
          v.                    Court No. 01-00955
                                  :

UNITED STATES INTERNATIONAL TRADE   :
COMMISSION,
                                  :
                       Defendant. :
- - - - - - - - - - - - - - - - - - - - - - -x

Memorandum & Order

[Defendant's request for remand granted.]

Dated: November 8, 2007

    Kelley Drye Collier Shannon (Paul C. Rosenthal, Kathleen W. Cannon and R. Alan Luberda) for the plaintiffs.

    James M. Lyons, General Counsel, Andrea C. Casson, and Robin L. Turner, U.S. International Trade Commission, for the defendant.

    AQUILINO, Senior Judge:  Necessarily recognizing that it would further exacerbate the "timewarp" of this case, the "extraordinary procedural posture", this court's slip opinion 07-7 herein sub nom. Co-Steel Raritan, Inc. v. U.S. Int'l Trade Comm'n, page 25, 31 CIT ___ (Jan. 17, 2007), familiarity with which is presumed, directed defendant's counsel to attempt to settle a proposed order of disposition of the remainder of the case not inconsistent with that slip opinion.  Come they now, however, with

Court No. 01-00955 Page 2

a Final Status Report and Request for Remand to the Commission that

> the private litigants have engaged in serious discussions in an attempt to reach a settlement of this proceeding. However, counsel for the Commission has been informed by . . . [an] attorney for Plaintiffs[] that[,] "[u]nfortunately, the parties have not been able to reach a settlement in this matter, despite a serious, good-faith effort to do so.  There is no reason to continue settlement discussions."  Counsel for defendant-intervenor[] Alexandria National Iron and Steel Co. . . ., an Egyptian respondent, counsel for defendant-intervenor[] Siderurgica Del Orinoco, C.A. . . ., a Venezuelan respondent, and counsel for Mittal S.A., a South African subject producer, have concurred that the parties have been unable to resolve this matter. Plaintiffs' counsel has also informed counsel for the Commission that "[w]e agree that the Commission should, at this point, request the Court to remand the case to the Commission for further proceedings."
>
> Accordingly, since the private parties have been unable to reach a settlement of this matter, the Commission is filing a proposed order of disposition seeking that this case be remanded to the Commission to undertake further proceedings that are not inconsistent with . . . Slip Op. 07-7.  In order to address the Court's concerns, the Commission may reopen the evidentiary record for the purpose of seeking information in the remand proceeding that was not submitted in the original investigation.  The Commission requests that the Court remand this matter . . . for a period of 120 days . . .. This . . . will permit adequate time to collect necessary information, provide parties appropriate time to comment on such information, and enable the Commission to conduct a thorough review and prepare a detailed explanation of its determination such that its path is reasonably discernible to the Court.  . . .

Defendant's Final Status Report, pp. 2-3 (footnotes omitted).

I

While all parties are reported to consent now to remand, plaintiffs' counsel object to any reopening of the Commission ("ITC") record. Among other things, they insist that "neither the statute, the court's holdings, nor policy considerations support reopening of the record here". Plaintiffs' Response in Opposition, p. 2.

That statute, the Trade Agreements Act of 1979, as amended, 19 U.S.C. §1673b(a), provides that

> the Commission . . . shall determine, *based upon the information available to it at the time of the determination*, whether there is a reasonable indication that—
>
>   (A)  an industry in the United States—
>        (i)   is materially injured, or
>        (ii)  is threatened with material injury, or
>
>   (B)  the establishment of an industry in the United States is materially retarded,
>
> by reason of imports of the subject merchandise and that imports of the subject merchandise are not negligible. If the Commission finds that imports of the subject merchandise are negligible or otherwise makes a negative determination under this paragraph, the investigation shall be terminated.

Emphasis added. This is an "obligation imparted by the explicit language of the statute and the legislative history charging the Commission to make its preliminary determination 'based upon the [] information available.'" The Budd Co. v. United States, 1 CIT 67,

75, 507 F.Supp. 997, 1003 (1980). And, the

> term "available" as used in the statute must be construed in accordance with its common meaning. In so doing, it is clear that all information that is "accessible or may be obtained," from whatever its source may be, must be reasonably sought by the Commission.

Id. It is only in this manner that the ITC can comply with the intended congressional mandate to conduct a "thorough investigation". 1 CIT at 75, 507 F.Supp. at 1004.

The court's slip opinion 07-7, page 23, states that "there is not a sustainable relationship between the facts that the ITC finds on remand and the result that it reaches", perhaps due, at least in part, to a "paucity of producer data". Slip Op. 07-7, p. 21. Hence, without settlement in lieu of more formal proceedings, remand to the defendant for reconsideration is required. See, e.g., Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)(if the record does not support the agency action or if the reviewing court cannot evaluate the challenged agency action on the basis of the record before it, the proper course is to remand to the agency for additional investigation or explanation).

While the court of course can construe its own remand order,

> [a]dministrative agencies have power themselves . . . to control the range of investigation . . . [and] should be

>       free to fashion their own rules of procedure and to
>       pursue methods of inquiry capable of permitting them to
>       discharge their multitudinous duties.

FCC v. Pottsville Broad. Co., 309 U.S. 134 (1940), citing United States v. Lowden, 308 U.S. 225 (1939), and Interstate Commerce Comm'n v. Baird, 194 U.S. 25, 44 (1904).  Moreover, as noted in Nippon Steel Corp. v. Int'l Trade Comm'n, 345 F.3d 1379, 1382 (Fed.Cir. 2003), "[w]hether on remand the Commission reopens the evidentiary record, while clearly within its authority, is of course solely for the Commission itself to determine."

　　　The plaintiffs protest that the ITC is required to base its preliminary determination "on the information available to it at the time of the determination".  Plaintiffs' Response in Opposition, p. 5.  See also Co-Steel Raritan, Inc. v. Int'l Trade Comm'n, 357 F.3d 1294, 1297 (Fed.Cir. 2004)(this court erred when it directed the Commission to consider circumstances arising after the preliminary determination).  Suffice it to state in this regard that any enlargement of the record on remand should not entail a period subsequent to the initial preliminary determination.  See 19 U.S.C. §1673b(a); The Budd Co. v. United States, 1 CIT at 79, 507 F.Supp. at 1006-07 (remand of preliminary determination to ITC to

supplement its administrative record with the best information which "might" have been obtained at the time of the original investigation).

II

In view of the foregoing, the court is constrained to grant defendant's request for remand. In hereby doing so, the defendant may have until March 10, 2008 to report the results thereof to the court, whereupon the other parties may file comments thereon on or before March 24, 2008.

So ordered.

Dated: New York, New York
       November 8, 2007

                                            ____/s/ Thomas J. Aquilino, Jr.____
                                                      Senior Judge

## NOTICE OF ENTRY AND SERVICE

      This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

      Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

      Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

      Tina Potuto Kimble
      Clerk of the Court

Date: _____   By: _____
                                                                                                    Deputy Clerk